# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1505V
UNPUBLISHED

| | |
|---|---|
| MAIJA HARKONEN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 6, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Renee Ja Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 30, 2019, Maija Harkonen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the trivalent influenza vaccine she received on October 12, 2016. Petition at 1, ¶¶ 2, 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 23, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On October 6, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $86,526.34, representing compensation in the amount of $85,000.00 for her pain and suffering and in the amount of $1,526.34 for her past unreimbursable out-of-pocket expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $86,526.34, representing compensation in the amount of $85,000.00 for her pain and suffering and in the amount of $1,526.34 for her past unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

                                                <u>s/Brian H. Corcoran</u>
                                                Brian H. Corcoran
                                                Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MAIJA HARKONEN, ) | |
| ) | |
| Petitioner, ) | No. 19-1505V |
| ) | Chief Special Master |
| v. ) | Brian Corcoran |
| ) | SPU |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 30, 2019, Maija Harkonen ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on September 22, 2021. ECF No. 36. Based on Respondent's Rule 4(c) Report, on September 23, 2021, Chief Special Master Corcoran found petitioner entitled to compensation for her left shoulder SIRVA injury. ECF No. 37.

**I.  Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $86,526.34. This award is comprised of $85,000.00 for pain and suffering and $1,526.34 for past unreimbursable out-of-pocket expenses. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.  Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$86,526.34**, in the form of a check made payable to petitioner.[1]

Petitioner agrees.

  Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                DARRYL R. WISHARD
                Assistant Director
                Torts Branch, Civil Division

                _s/Althea Walker Davis_
                ALTHEA WALKER DAVIS
                Senior Trial Counsel
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 616-0515
                Althea.Davis@usdoj.gov

DATED: October 6, 2021

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.